UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCILLE A. REMINGTON                          JURY TRIAL DEMANDED

v.                                           CASE NO.  3:16 cv

FINANCIAL RECOVERY SERVICES, INC.
BRIAN C. BOWERS

COMPLAINT

1.      Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692.

2.      The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3.      Plaintiff is a natural person.

4.      Defendant FRS is in the business of third party debt collection.

5.      FRS regularly attempts to collect on defaulted personal credit card and other consumer accounts by use of the mails or telephone.

6.      Defendant Bowers is the President of FRS who directed, operated, and controlled the policies, finances, business practices and procedures of FRS, supervised the collection of plaintiff's account, or was personally involved therein, and approved the use of the form collection letters at issue herein.

7.       FRS mailed collection letters to plaintiff at her address in New Haven CT.

8.      FRS's collection letters sought to collect a personal credit card issued by HSBC Bank Nevada, N.A., on behalf of the current creditor, a debt buyer  identified as Cavalry SPV I, LLC.

9.       FRS mailed plaintiff a form letter dated May 4, 2016, offering three settlement options on a balance due of  $822.39.

10.     The form letter included the statement that "This settlement may have tax consequences. Please consult your tax advisor."

11.     A collection agency is not required to mention or disclose tax consequences. Altman v. J.C. Christensen, 786 F. 3d 191 (2d Cir. 2015).

12.     FRS knew at the time it sent its letters that there was no possibility that a 1099C form would be issued where, as here, the amount being discharged by settlement was less than $600.

13.     FRS was not instructed by Cavalry to include a disclosure about tax consequences in its collection letter.

14.     FRS was not instructed by any of its creditor clients to include a disclosure about tax consequences in its collection letter.

15.     FRS was not instructed by attorney to include a disclosure about tax consequences in its collection letter.

16.     FRS is not required to provide tax advice to the consumer.

17.     FRS is not qualified to give tax advice to the consumer.

18.     If FRS chooses to mention tax consequences to the consumer, the mention should not be partial or incomplete. For instance, it should disclose that there are potentially applicable exceptions and conditions, for the interest portion of the account, for only one example.

19.     FRS's suggestion that the consumer expend funds to consult a legal or tax advisor is a ploy to get the consumer to pay the account instead of a paying for tax advice.

20.     FRS's reference to tax consequences suggests that the consumer could be in trouble with a tax authority if she did not pay in full rather than settle.

21.     FRS's reference to tax consequences creates a false sense of urgency.

22.     FRS's reference to tax consequences is meant to make the consumer nervous, worried, or upset.

23.     Prior to this lawsuit, defendant Bowers refused to explain the purpose of including the superfluous mention of "tax consequences" in the form letter.

24.     In the course of its collection efforts,  the defendant violated the FDCPA, § 1692e.

WHEREFORE plaintiff respectfully requests this Court to:

1.  Award plaintiff  such damages as are permitted by law, including $1,000 statutory damages under the FDCPA;

2.  Award the plaintiff costs of suit and a reasonable attorney's fee;

3.  Award such other and such further relief as law or equity may provide.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

3